UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE NIEVES,<br><br>      Plaintiff,<br><br>v.<br><br>JEFFREY ALDRIGE,<br><br>      Defendant. | CIVIL ACTION NO.<br>25-40056-MRG |

**ORDER**
July 28, 2025

*Pro se* plaintiff Jose Nieves, who resides in Fitchburg, Massachusetts, brings this action under 42 U.S.C. § 1983 against Jeffrey Aldrige, whom Nieves identifies as the "Director of Region 1 IV-D Agency."[1] According to Nieves, Aldrige "hides in the State Government of Ohio" who has "forced [Nieves] into involuntary servitude." Compl. at 4. Nieves asks that this Court "terminat[e] his involuntary participation in the IV-D program, refund him a full refund of $18,000 (plus interest) and award compensatory, punitive, and other damages "against Aldrige through Region 1." *Id.* at 5. Nieves provides a Columbus, Ohio address for Aldridge at the IV-

---

[1] Title IV-D refers to Title Four, section D of the Social Security Act, 42 U.S.C.A. §§ 651–669b. Under this legislation

> each state is required to develop and implement a detailed plan for the collection of child support arrearages, form a comprehensive system to establish paternity and locate absent parents, and create programs to assist custodial parents with obtaining child support orders. 42 U.S.C. §§ 651, 654. This plan had to be submitted and approved by the Secretary of Health and Human Services. 42 U.S.C. § 602(a)(2); § 652(a)(3). The state must also create a IV-D agency to implement all aspects of the plan.

*Ellis v. Mahoning Cnty. Child Support Enf't Agency*, No. 4:24 CV 2028, 2025 WL 524368, at *4, *5 (N.D. Ohio Feb. 18, 2025).

D agency where he is the director. For the reasons stated below, the Court will order that this action be TRANSFERRED to the United States District Court for the Southern District of Florida, which encompasses Columbus, Ohio.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "[I]n most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.7 (2013) (quoting *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979)). "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Id.* at 56.

The general venue statute provides that a civil action may be brought in:

(1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts. Subsection (1) is inapplicable because the defendant does not reside in the

same state. Subsection (2) does not support venue in the District of Massachusetts because it does not appear that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Massachusetts.  Child support is determined by Ohio state statute, and the events giving rise to this action took place in Ohio.  To the extent it may be argued that a substantial part of the events or omissions giving rise to this claim occurred in Massachusetts, the Court has no reason to believe that it could exercise personal jurisdiction over the defendant. Because venue exists in the Southern District of Ohio, subsection (3) is irrelevant.

Accordingly, pursuant to 28 U.S.C. § 1406(a), the Clerk shall TRANSFER this action is to the United States District Court for the Southern District of Ohio.  Whether Nieves should be permitted to proceed *in forma pauperis*, file electronically or amend his complaint[2] is left for consideration by the transferee court.

**So Ordered.**

                 /s/ Margaret R. Guzman  
                 MARGARET R. GUZMAN  
                 UNITED STATES DISTRICT JUDGE

Dated:  July 28, 2025

---

[2] In his one-page motion to amend the complaint, Nieves states he wishes to change his jurisdictional allegation to invoke the Court's jurisdiction under 28 U.S.C. § 1332 rather than under 28 U.S.C. § 1331, although he does not identify the nature of his state claims.  [ECF No. 7].  This motion has no bearing on the Court's decision to transfer the case.